UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SHINGAIRAI A. FERESU, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Cause No. 1:16-cv-3404-WTL-MPB ) |
| THE TRUSTEES OF INDIANA UNIVERSITY, | ) ) ) ) |
| Defendant. | ) |

## ENTRY ON DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

This cause is before the Court on the Motion for Judgment on the Pleadings filed by the Defendant. Dkt. No. 14. The motion is fully briefed, and the Court, being duly advised, **GRANTS** the motion for the reasons set forth below.

### I. BACKGROUND

The Plaintiff, Shingairai Feresu, has brought claims against the Trustees of Indiana University ("Indiana University"). For the purposes of this Entry, the Court accepts the following allegations as true.[1]

Ms. Feresu is a United States citizen and Indiana resident, although she currently lives in Pretoria, South Africa. She was employed by Indiana University as a professor in the Department of Epidemiology and Biostatistics in the School of Public Health from 2010 until May 2014, when her employment was terminated. She is currently employed by the University of Pretoria in South Africa and has been since 2014. In 2014, Ms. Feresu completed a "Personal

---

[1] The Court makes reference to additional facts as necessary in the Discussion section.

Credentials Verification Indemnity" form from the University of Pretoria, seeking, among other things, authorization "to obtain a minimum of 2 (two) reference checks," and to contact her then-current employer. *See* Dkt. No. 18-1. In response to the statement, "My current employer may be contacted," Ms. Feresu responded, "No." *Id.*

Since October 21, 2016, Ms. Feresu has been suspended from her employment with the University of Pretoria for "'failing to declare and/or misrepresentation [sic] the reasons for termination of your employment relationship with your previous employer in the USA.'" Dkt. No. 7 at 2 (no source cited in original). She is currently involved in an administrative proceeding with the University of Pretoria before the Commission for Conciliation, Mediation, and Arbitration ("CCMA") in South Africa, which Ms. Feresu describes as "similar in function to [the] EEOC." Dkt. No. 7. at 2. On December 6, 2016, the CCMA held a hearing. At the hearing, the University of Pretoria informed Ms. Feresu that it was awaiting the outcome of an earlier lawsuit she had filed against Indiana University, *Feresu v. Trs. Ind. Univ.*, 1:14-cv-1227-TWP-MPB ("Ms. Feresu's 2014 lawsuit"), in order to use information from that lawsuit in its case before the CCMA.

Ms. Feresu alleges that the status of her current employment is in jeopardy because of Indiana University's actions and "anticipated actions." Dkt. No. 6 at 2. Specifically, she contends that "[t]here is leakage of my employment information history at Indiana University[] and information on the current case (No. 1:14-cv-01227-TWP-[MPB]) between Indiana University and University of Pretoria, a foreign institution."[2] Dkt. No. 7 at 2. She alleges that

---

[2] On May 2, 2017, summary judgment was granted in favor of the Trustees of Indiana University in Ms. Feresu's prior lawsuit. *See Feresu v. Trs. of Ind. Univ.*, No. 1:14-cv-1227-TWP-MPB, 2017 WL 1650500 (S.D. Ind. May 2, 2017).

the information Indiana University has shared and/or might share with the University of Pretoria is "malicious and detrimental." Dkt. No. 6 at 2. She further argues as follows:

> I have the prerogative of divulging information to potential employers. I chose not to, (signed a form with that regard – attached), and Indiana University elected to divulge my information without my permission or consent. I view this action as RETALIATION in light off [sic] my legal battles with the Defendant.

Dkt. No. 18 at 2 (emphasis in original).

The Court reads Ms. Feresu's complaint in this lawsuit to allege a retaliation claim under Title VII.[3] In Ms. Feresu's 2014 lawsuit, she brought claims for race, nationality, and sex discrimination against Indiana University after it terminated her employment. Now, Ms. Feresu alleges that Indiana University has further retaliated against her by "the current leak an[d] misuse of [her] employment information." Dkt. No. 6 at 4. On May 5, 2017, Indiana University moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), arguing that the Amended Complaint fails to state a cognizable claim against it.

## II. STANDARD

In reviewing a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), the Court applies the same standard that is applied when reviewing a motion to dismiss pursuant to Rule 12(b)(6). *Pisciotta v. Old Nat'l Bancorp.*, 499 F.3d 629, 633 (7th Cir. 2007) (citing *Guise v. BWM Mortg., LLC*, 377 F.3d 795, 798 (7th Cir. 2004)). The Court "must accept all well pled facts as true and draw all permissible inferences in favor of the plaintiff." *Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 334 (7th Cir. 2012). For a claim to survive the motion for judgment on the pleadings, it must provide the defendant with "fair notice

---

[3] Ms. Feresu asserted additional claims in her amended complaint. This Court, however, screened her amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismissed all claims other than her Title VII retaliation claim. *See* Dkt. No. 8.

3

of what the . . . claim is and the grounds upon which it rests." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)) (omission in original). A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Agnew*, 683 F.3d at 334 (citations omitted). A complaint's factual allegations are plausible if they "raise the right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

## III. DISCUSSION

Typically, "[p]leading a retaliation claim under Title VII requires the plaintiff to allege that she engaged in statutorily protected activity," and her employer subjected her to an adverse employment action as a result. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 828 (7th Cir. 2014) (citations and internal quotation marks omitted). Where, as here, the plaintiff is no longer employed, she cannot be subject to a typical adverse employment action. The Seventh Circuit, however, has found that "former employees, insofar as they are complaining of retaliation that impinges on their future employment prospects or otherwise has a nexus to employment, do have the right to sue their former employers." *Veprinsky v. Fluor Daniel, Inc.*, 87 F.3d 881, 891 (7th Cir. 1996); *see also Robinson v. Shell Oil Co.*, 519 U.S. 337, 346 (1997) (holding that former employees may sue former employer for Title VII retaliation). In *Matthews v. Wisconsin Energy Corp.*, the Seventh Circuit further explained that, "in the context of negative employment references, we have defined [adverse employment action] to mean, 'the dissemination of false reference information that a prospective employer would view as material to its hiring decision.'" 534 F.3d 547, 558 (7th Cir. 2008) (quoting *Szymanski v. Cty. of Cook*, 468 F.3d 1027, 1029 (7th Cir. 2006)). Ms. Feresu's case is similar in fact to the plaintiff's case in *Matthews*. In *Matthews*, the plaintiff's former employer discussed with a job consultant

4

information about ongoing litigation with the plaintiff, but the former employer did not provide any false information. *Id.* at 559. The Court determined that the "purported acts of retaliation . . . were not 'adverse,'" so the plaintiff's retaliation claim failed. *Id.*

The plaintiff bears the burden of pleading sufficient facts to show that the employer subjected the plaintiff to a material adverse employment action. *See Peters v. Renaissance Hotel Operating Co.*, 307 F.3d 535 (7th Cir. 2002). Ms. Feresu has not done so. Specifically, neither in her amended complaint nor in response to the instant motion, has she suggested that the information Indiana University presumably shared with the University of Pretoria was false. Rather, she argues that her employment information and information relating to her earlier lawsuit was "leak[ed] an[d] misuse[d]," ostensibly because she had explicitly informed the University of Pretoria in the "Personal Credentials Verification Indemnity" form that she filled out in 2014 not to contact Indiana University. Dkt. No. 6 at 4. Even if Indiana University "leaked" information to the University of Pretoria, Ms. Feresu has not alleged any facts showing that Indiana University "misused" information. More importantly, she has not alleged facts showing a material adverse employment action on its part either. As a result, Ms. Feresu has failed to state a claim for retaliation under Title VII. Therefore, the Defendant's Motion for Judgment on the Pleadings is **GRANTED**.

### III. CONCLUSION

For the reasons set forth above, the Defendant's Motion for Judgment on the Pleadings (Dkt. No. 14) is **GRANTED** and this case is **DISMISSED WITH PREJUDICE**.[4]

---

[4] Ms. Feresu has already been given multiple opportunities to amend her Complaint and respond to the Defendant's arguments. Accordingly, the Court finds it appropriate to enter judgment at this time. *See* Dkt. No. 17 at 1 ("The Plaintiff will not be given an additional opportunity to amend her complaint before judgment is entered.").

5

SO ORDERED: 12/20/17

_William T Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record and Ms. Feresu via electronic notification